**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PAUL BARBER,** ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| **NELNET, INC.** ) | |
| and ) | **JURY TRIAL DEMANDED** |
| **UNITED STATES DEPARTMENT** ) | |
| **OF EDUCATION,** ) | **NON-ARBITRATION** |
| ) | |
| Defendants. ) | |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer, Paul Barber, against Nelnet, Inc. and the United States Department of Education (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

**JURISDICTION & VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Nelnet, Inc. is subject to the jurisdiction of this court as a corporation licensed to do business in the District of Columbia.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**THE PARTIES**

5. Plaintiff Paul Barber is an adult individual residing in Alameda, CA.

6. Defendant Nelnet, Inc (hereafter "Nelnet") is a corporation that regularly conducts business in the District of Columbia, and which has a principal place of business located at 121 S. 13th St, Suite 100, Lincoln, NE 68508.

7. The United States Department of Education (hereafter "ED") is a department of the United States government that regularly conducts business in the District of Columbia, and which is headquartered at 400 Maryland Avenue, Southwest, Washington, D.C., U.S. 20202.

## **FACTUAL ALLEGATIONS**

8. Defendant Nelnet is a servicer of federal student loans on behalf of Defendant ED, a lender of federal student loans, and Defendants work collaboratively.

9. Prior to February 2024, Plaintiff was a borrower of loans that were serviced and provided by Defendants.

10. The loans were held by, and owed to Defendant ED, and serviced by Defendant NelNet.

11. At all relevant times, the Defendants acted in unison, and on each other's behalf.

12. As a means to alleviate federal student loan payments, Defendant ED issued an "On-Ramp" COVID forbearance policy (hereafter "On-Ramp Policy") from October 2023 through September 2024, which removed the threat of reporting delinquency for some borrowers who could not make their loan payments.

13. Per Defendant ED's policy, if a borrower missed a payment "During the on-ramp period (through Sept. 30, 2024), [Defendant ED] automatically put [the borrower's] loan in a forbearance for the payments [the borrower] missed."

14. This process was specifically designed, announced and represented by Defendant ED as a way to prevent negative credit reporting for any missed or late payments up through September 2024.

15. Up through and including February 2024, Plaintiff made use of Defendant ED's On-Ramp Policy.

16. In or around February 2024, Plaintiff was made aware that consumer reporting agencies ("CRAs") were reporting his accounts with Defendants as 90 days late.

17. As a result of Plaintiff's use of the On-Ramp Policy promulgated by Defendant ED, Plaintiff's payments for his accounts with Defendants should not have been reported as late.

18. In or around March 2024, Plaintiff also paid off his loans to Defendants in full.

19. Plaintiff submitted written disputes to the CRAs in or around March 2024, disputing the reporting of the derogatory payment history during the "On-Ramp" period.

20. Upon information and belief, the CRAs forwarded the Plaintiff's disputes to the Defendants.

21. Despite receipt of the disputes, Defendants failed to properly investigate the disputes, failed to properly handle the inaccurate accounts, and instead wrongfully verified the inaccurate accounts, and continued to report the accounts to the CRAs.

22. Notwithstanding Plaintiff's disputes, Defendants have failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant CRAs and have willfully continued to report inaccurate information to the CRAs.

23. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

24. In response to each of the Plaintiff's disputes, Defendants have wrongfully verified the inaccurate information to the CRAs.

25. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT I – VIOLATIONS OF THE FCRA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto Defendants were each a "person" as that term defined by 15 U.S.C. § 1681a(b).

30. At all times pertinent hereto Defendants were each a "furnisher" of credit information as defined by the FCRA.

31. Defendants violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

32. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to compensate Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

33.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:     */s/ Joseph L. Gentilcore*
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com

Dated: November 29, 2024          ***Attorneys for Plaintiff***

5